## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **TIAWANDA D. HAMPTON** | ) | |
| | ) | **CIVIL ACTION CASE NO.** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MACON BIBB COUNTY** | ) | |
| **TRANSIT AUTHORITY,** | ) | **DEMAND FOR JURY TRIAL** |
| **the AUTHORITY BOARD** | ) | |
| **MEMBERS in their official** | ) | |
| **and individual capacity, the CITY** | ) | |
| **OF MACON, GEORGIA, BIBB** | ) | |
| **COUNTY COMMISSIONERS, in** | ) | |
| **their official and individual** | ) | |
| **capacity, and John Allengood,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Tiawanda D. Hampton, by and through her undersigned counsel of record (hereinafter "Plaintiff"), and, in accordance with the Federal Rules of Civil Procedure, files this complaint against the Defendants named herein for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., and states as follows:

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is proper under 28 U.S.C. § 1331.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

2.

All of the actions constituting racial discrimination and retaliation as alleged herein were committed in Bibb County and within the Macon Division of the Middle District of Georgia.

## PARTIES

3.

Plaintiff Tiawanda D. Hampton is an individual who presently resides within Bibb County, Georgia.

4.

Defendant Macon Bibb County Transit Authority is a municipal entity operating as a business under the color of law in the State of Georgia and may be served with process by way of the CEO, Richard L. Jones, and Board Members Craig Ross, Charles Howard, Morris Cohen, Nettie Thomas, Violet Poe, Sheddrick Clark, and Jamies Kaplan at 200 Cherry Street, Suite 100, Macon, Georgia 31206.

5.

Defendant City of Macon is a municipal entity operating under the color of law in the State of Georgia and may be served with process by way of its Mayor, Robert A.B. Reichert, and Board of Commissioners: Gary Bechtel, Larry Schlesinger, Elaine Lucas, Mallory Jones, Bert Bivins, Ed Defore, Scotty Shepherd, Virgil Watkins, Jr., Al Tillman, and Robert Reichert at 700 Popular Street, Macon, Georgia 31201.

6.

At all times relevant hereto, the Macon Bibb County Transit Authority is an instrumentality of the State of Georgia pursuant to O.C.G.A. §§ 15-16-1, et seq.

7.

At all times relevant hereto, the City of Macon is an instrumentality of the State of Georgia pursuant to O.C.G.A. §§ 15-16-1, et seq.

8.

Plaintiff has exhausted her administrative remedies before filing this lawsuit against all Defendants herein by filing charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC" Plaintiff's Notice of Right to Sue is attached hereto as **Exhibit "A"**).

## FACTUAL BACKGROUND

9.

Plaintiff, who is African-American, began working for the Macon Bibb County Transit Authority on August 27, 2007, as a bus driver.  She later was promoted to an administrative assistant and held this position until her termination on April 1, 2013.

10.

On March 28, 2013, Plaintiff was at work at the Macon Bibb County Transit Authority.  She walked down the hallway to the break room to get a bottle of water and she noticed John Allengood (Caucasian and Manager of Human Resources) in Jade Daniel's office with a large assault rifle (similar to an AK47 or military assault rifle).

11.

Out of fear, and given the increase in workplace violence and incidents of shootings being reported nationwide, Plaintiff and co-worker Renee Williams immediately sought the on duty officer, Sharita Thomas, to report an employee in possession of a large gun in the building.  Officer Thomas requested that Plaintiff telephone the General Manager, Richard Jones (Caucasian), and inform him of the incident.

4

12.

Plaintiff attempted to reach Richard Jones by telephone, but did not get an answer.  Therefore, Plaintiff contacted a manager, June Slaughter, and advised her that John Allengood was in possession of large assault rifle in the office building. Slaughter stated that she was aware of John Allengood bringing the gun to work.

13.

Plaintiff became extremely distressed and felt unsafe knowing this assault rifle was in the workplace.  Further, Plaintiff did not know why John Allengood had such large assault rifle in the workplace.

14.

Plaintiff then contacted Craig Ross, the Chairman of the Board for the Macon Bibb County Transit Authority.

15.

Upon explaining the incident regarding John Allengood possessing a large assault rifle on the premises to Chairman Ross, he stated guns are not permitted in the workplace.  Ross further advised that he would get in contact with Richard Jones (Attached hereto as **Exhibit "B"** is a copy of the Personnel Policies).

16.

Chairman Ross later returned the telephone call to Plaintiff and indicated that he called Richard Jones and notified Jones of the weapon being in the possession of John Allengood.  Ross further stated that Allengood's action were unacceptable and against the company's policy.

17.

Chairman Ross apologized to Plaintiff for the actions of John Allengood and said that if she was upset or felt unsafe, she could leave and go home.

18.

John Allengood was told by another employee that several employees were upset, felt unsafe, and had called management in reference to him bringing a large assault rifle on the premises.

19.

Plaintiff was next told by Officer Thomas that John Allengood was looking for her.  Fearing for her safety, Plaintiff left the main building and walked to the back terminal building in an effort to distance herself from John Allengood.

20.

Richard Jones ultimately arrived at the building and requested to speak with John Allengood; however, John Allengood had left the building.

21.

Plaintiff was advised that John Allengood had left the building. Accordingly, she returned to the main building to retrieve her personal items and left shortly after 9:00 a.m.

22.

The following day, on March 29, 2013, Plaintiff returned to work. Richard Jones approached Plaintiff and requested that she provide a written statement as to the incident that occurred the previous day.

23.

Plaintiff wrote a statement regarding John Allengood having an assault rifle in the office, and submitted it to Richard Jones on March 29, 2013.

24.

Upon Plaintiff arriving at work on April 1, 2013, Plaintiff was advised that Richard Jones would like to meet with her at 9:00 a.m.

25.

While meeting with Richard Jones, Jones told Plaintiff that John Allengood having an assault rifle in the office was an error in judgment on Allengood's part.

26.

Plaintiff asked to have a neutral witness in the meeting or the opportunity to record the meeting with Richard Jones.  Both requests were denied.

27.

However, Richard Jones provided his own witness (June Slaughter) and decided to continue the meeting with Plaintiff.

28.

Jones insisted on knowing who authorized Plaintiff to contact the Chairman of the Board (Craig Ross).

29.

Richard Jones repeatedly asked Plaintiff why she called Chairman Ross, to the point that Plaintiff felt badgered and harassed.

30.

Richard Jones indicated that he should never receive a telephone call from the chairman of the board for such incident and stated "what happens at Macon Transit stays at Macon Transit".

31.

Plaintiff was intimidated and afraid of Richard Jones given his aggressive demeanor; thus she was too nervous to answer any of Jones' questions.

32.

Again with hostility and anger in his voice, Richard Jones insisted on Plaintiff telling him who authorized her to call the Chairman of the Board.  Jones advised Plaintiff that if she did not tell him who told her to call the Chairman, she could leave.

33.

Plaintiff returned to her desk and continued her daily tasks.

34.

Within minutes, June Slaughter approached Plaintiff and advised that Richard Jones said to "get your purse, and do not do anything else" and leave the building.

35.

Plaintiff immediately grabbed her purse and left the building.

36.

The following day, on April 2, 2013, Plaintiff reported back to work. Again, Plaintiff was approached by June Slaughter, who requested that Plaintiff give her the keys to Plaintiff's desk and file cabinets.

37.

Shortly thereafter, June Slaughter returned to Plaintiff's desk and stated that both Richard Jones and John Allengood wanted to meet with her in the conference room.

38.

While Plaintiff was sitting in the conference room, Richard Jones and June Slaughter entered.  Richard Jones told Plaintiff that there must be a

misunderstanding regarding what June Slaughter said, and that Plaintiff needed "to leave until further notice".

39.

Richard Jones requested another employee bring him a pen and a pad. However, Jade Daniels entered the conference room with a digital tape recorder. At that time, Richard Jones started the recorder and repeated his instruction to June Slaughter—that is, to have Plaintiff leave the building.

40.

In an effort to intimidate and harass Plaintiff in front of June Slaughter, Richard Jones began questioning Plaintiff as to why she called the Chairman of the Board and who authorized such action.

41.

Again, Plaintiff became scared and nervous as Richard Jones continued to badger and harass her.  Therefore, she did not respond nor answer any of his questions.  With the recorder continuing to capture the meeting, Richard Jones stated, since you will not answer me I will terminate you for insubordination.

42.

After being advised that she was being terminated, Plaintiff requested her Separation Notice.  Richard Jones advised it would be mailed to her.  Significantly, John Allengood's employment was not terminated and he continues to work for the Macon Transit Authority.

43.

Richard Jones' stated cause for the termination was insubordination. However, this ostensible reason was purely a pretext for unlawful discrimination, a violation of Plaintiff's constitutional rights.  The termination was also a violation of state law and was done in retaliation for Plaintiff contacting the Chairman of the Board in reference to John Allengood violating company policy by having an assault rifle in the building (Attached hereto as **Exhibit "C"** is a copy of Plaintiffs' Separation Notice).

44.

On or about April 12, 2013, Plaintiff filed her complaint with the Equal Employment Opportunity Commission, as to her termination from the Macon Bibb Transit Authority.

**COUNT I**
**RACIAL DISCRIMINATION**

45.

The allegations set forth in Paragraphs 1 through 44 of the Complaint are incorporated herein.

46.

The actions of Defendants set forth in this Complaint and in Plaintiff's EEOC charges constitute racial discrimination in violation of federal law.

47.

Plaintiff was treated different and less favorably than a similarly situated Caucasian employee (John Allengood) on the basis of her race. Defendants' actions are unlawful and in violation of Title VII of the Civil Rights Act of 1964, entitling Plaintiff to lost wages, compensatory damages, and punitive damages.

## COUNT II
## RETALIATION

48.

The allegations set forth in Paragraphs 1 through 47 of the Complaint are incorporated herein.

49.

The action of Defendants set forth in this Complaint and in Plaintiff's EEOC charges constitute retaliation for exercising her free speech rights and for exposing wrongdoing by employees in violation of established policy.

50.

Defendants are liable to Plaintiff for compensatory and punitive damages.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51.

The allegations set forth in Paragraphs 1 through 50 of the Complaint are incorporated herein.

52.

Defendants' behavior toward Plaintiff shocks the conscious, was outrageous, and outside the bounds of acceptable behavior in a civilized society.

53.

Defendants' actions caused Plaintiff extreme emotional and mental anguish.

54.

Defendants are liable to Plaintiff for her extreme emotional distress.

## COUNT IV

## FREE SPEECH, 42 U.S.C. § 1983

55.

The foregoing allegations of the Complaint paragraphs 1 – 54 are incorporated herein by reference as if set forth fully herein.

56.

At all times relevant to this Complaint, all Defendants herein were acting under color of state law.

57.

Plaintiff exercised her free speech rights when she contacted the Chairman of the Board regarding a gun being on the premises.  Pretexual explanations notwithstanding, Defendants terminated Plaintiff for exercising these free speech rights protected by the United States Constitution.

58.

In terminating Plaintiff's employment, Defendants acted pursuant to a policy, custom, and practice.

59.

Defendants' actions deprived Plaintiff of rights as secured by the United

States Constitution.

60.

Accordingly the Plaintiff is entitled to recover compensatory damages from Defendants for her constitutional deprivations as well as other and further relief the Court deems just and proper.

61.

Defendants acted intentionally with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitled Plaintiff to punitive damages in an amount to be determined by a jury of her peers.

## COUNT V

## ATTORNEYS FEES, 42 U.S.C. § 1988

62.

The foregoing allegations of the Complaint paragraphs 1 – 61 are incorporated herein by reference as if set forth fully herein.

63.

Because Defendants have violated the Plaintiffs' rights protected by 42 U.S.C. § 1983, Plaintiff is entitled to attorney's fees and expenses as provided by 42 U.S.C. § 1988.

## COUNT VI

## <u>GEORGIA WHISTLE BLOWER STATUTE</u>

64.

The foregoing allegations of the Complaint paragraphs 1 – 61 are incorporated herein by reference as if set forth fully herein.

65.

In disclosing that Allengood had a gun on the premises to her managers and the chairman of the board, Plaintiff engaged in activity protected by the Georgia Whistle Blower Statute.

66.

Defendants' actions in intimidating and interrogating Plaintiff about authorization for reporting a rule violation and life safety issue constituted a violation of the Georgia Whistle Blower Statute.

67.

Defendants' termination of Plaintiff's employment following her disclosure to managers of a clear rules violation constituted retaliation in violation of the Georgia Whistle Blower Statute.

68.

Plaintiff is entitled to reinstatement to her former position with full seniority rights.  Plaintiff is also entitled to lost wages, benefits, compensatory damages, and attorney's fees.

WHEREFORE, Plaintiff, Tiawanda Hampton respectfully prays that the Court grants the following relief:

(a)    Enter judgment for compensatory and punitive damages against Defendants for all claims presented herein;

(b)    Enter judgment against Defendants for Plaintiff's expenses of litigation, including attorneys fees, expert fees, and costs;

(c)    Award pre-judgment interest and post-judgment interest; and

(d)    Grant such other and further relief as this court deems just and proper.

Respectfully submitted this 20th day of March, 2014.

/s/Winston A. Denmark
WINSTON A. DENMARK
Georgia State Bar No.  211751

FINCHER DENMARK & WILLIAMS, LLC
8024 Fairoaks Court
Jonesboro, Georgia  30236
(770) 478-9950 (telephone)
(770) 471-9948 (facsimile)